IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR ORR, | : | CIVIL ACTION NO. **1:CV-11-1981** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On October 25, 2011, Petitioner, Omar Orr, an inmate at the State Correctional Institution at Retreat ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed, *pro se*, this Habeas Corpus Petition[1] pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2). We denied Petitioner's *in forma pauperis* Motion and Petitioner paid the filing fee. (Docs. 6, 7). Petitioner states that he was sentenced on January 19, 2010, by Judge William Mazzolla of the Court of Common Pleas of Philadelphia County, Pennsylvania, and that, based on his plea agreement, he was sentenced to the Recidivism Risk Reduction Incentive ("RRRI") program. Petitioner avers that on July 27, 2011, he was interviewed by a member of the Respondent Pennsylvania Board of Probation and Parole ("PBPP"), and that Respondent PBPP issued a decision on September 1, 2011, denying

---

[1]Petitioner originally styled his action as a "42 U.S.C. § 1983 Civil Rights Complaint." (Doc.1). However, we issued an Order on October 28, 2011, and construed Petitioner's Doc. 1 as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 10).

Petitioner parole. (*Id.*, p. 2).  Petitioner then avers as follows:

> 2.   The decision that was made was erroneous, due to receiving a[n] RRRI sentence by the Honorable [J]udge Wm. Mazzolla, on January 19,2 010, after meeting all criterion under the RRRI guidelines.
>
> 3.   The Parole Board has failed or refused to honor the order of the Court of Common Pleas, in its order (the Board decision of 9/1/11).

(*Id.*, p. 3).

Petitioner also indicates that he tried to exhaust his claim prior to his instant action and that he sent five requests slips to his parole agent, Ms. Miller, seemingly requesting that he receive the RRRI sentence imposed by the state court.  (*Id.*, p. 2).

As relief, Petitioner requests:

> 1.   That this honorable court issue an order directing the [PBPP] to honor and uphold the order of the Court of Common Pleas as it relates to the plea agreement concerning the RRRI program and sentence.
>
> 2.   That if it is found that the plaintiff's claims are of merit arguable merits (sic) that the court order the discharge of plaintiff.
>
> 3.   That the Board be made to grant plaintiff credit for all time spent incarcerated unlawfully.

(*Id.*, p. 3).

Thus, as relief, we construe Petitioner as seeking this Court to order Respondent PBPP to implement  the state court's sentence that he be placed in the RRRI program.  Petitioner also requests this Court to order his release from prison if it finds merit to his claim that he is entitled to placement in the RRRI program.  Further, Petitioner seeks this Court to order Respondent PBPP to give him credit for the time he has spent "incarcerated unlawfully," *i.e.* for the time he

was not in the RRRI program. We deem Petitioner as claiming that if he is placed in the RRRI program by Respondent PBPP, as was required by the state court's sentence, he will be released from confinement at SCI-Retreat. We also deem Petitioner as challenging his present confinement at SCI-Retreat as illegal.

On November 15, 2011, the Court issued a Show Cause Order and directed Respondents to respond to Petitioner's habeas petition. (Doc. 8). On November 22, 2011, Petitioner filed Memorandum of Law in support of his habeas petition with attached exhibits. (Doc. 12). After being granted an extension of time, on January 17, 2012, Respondents filed their Answer and Memorandum of Law in support of Response to Petitioner's habeas corpus petition. (Docs. 16 and 17). Respondents' Docs. 16 and 17 twelve-page filings are identical except that the Doc. 16 filing has two exhibits attached to it, Exs. 1 and 2, Docs. 16-1 & 16-2. Thus, we rely upon Respondents' Doc. 16 filing herein. Petitioner did not file a Traverse.

Petitioner is essentially challenging his state sentence that he is presently serving, and he avers that he was sentenced to the RRRI program and that Respondent PBPP has improperly decided not to place him in the program and release him from confinement at SCI-Retreat as ordered by the state court. In his Memorandum, Petitioner states that when he was initially classified by the PA Department of Corrections at the commencement of his sentence, it was affirmed that the state court directed that he be placed in the RRRI program "rendering Petitioner a controlling minimum release date of July 14, 2011." (Doc. 12, p. 3). Petitioner cites to his Exhibit A attached to his Doc. 12 Memorandum for support. Petitioner states that he is now being illegally confined in prison in light of his state sentence directing his placement in the

RRRI program. Petitioner also requests his release from confinement.

For the reasons set forth below, we shall recommend that the Court deny Petitioner Orr's habeas petition.

**II. Factual Background.**

On January 19, 2011, in Philadelphia County, Petitioner Orr was sentenced in his criminal charge, Person Not to Possess, Use, Etc. Firearms, to thirteen (13) to sixty (60) months of incarceration. The minimum date for petitioner's sentence was December 14, 2011 and the maximum date is June 14, 2015. (Doc. 16, Ex. 1). In addition to the minimum sentence date, petitioner's sentence included a lesser RRRI minimum date of July 14, 2011. (*Id.*).

On July 27, 2011, Respondent PBPP reviewed petitioner for parole based on the RRRI of July 14, 2011. (Doc. 16, Ex. 2). On September 1, 2011, Respondent PBPP denied petitioner parole for the following reasons:

> You need to participate in and complete additional institutional programs.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> You are to be reviewed in or after March, 2012.

(*Id.*).

Respondent PBPP also noted that at the next parole interview, due in or after March 2012, the Board would consider:

> Whether you have successfully participated in/successfully completed a treatment program for violence prevention; Thinking for a Change.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.

(*Id.*).

After the PBPP's September 1, 2011 decision, petitioner avers that he sent five (5) request slips to his parole agent and did not receive a response, he then sent another request slip and did not receive a response from his final request. (Doc. 1). In his Memorandum, Petitioner states that he also submitted a number of forms (DC-135A) with the prison requesting to be placed in the required treatment program for violence prevention but that all of his requests went unanswered. (Doc. 12, p. 4). Petitioner cites to his Exhibits E-G of his Memorandum, Doc. 12.

On October 25, 2011, Petitioner filed his instant § 2254 habeas petition with this federal court. (Doc. 1).[2] Petitioner claims that the PA Board made an erroneous decision because the RRRI sentence was imposed by Judge Mazzolla, on January 19, 2010, after he met all of the RRRI criteria. Petitioner claims that the court should issue an order directing the Board to honor and uphold the order of the court of common pleas as it relates to the RRRI program and, to enforce his RRRI minimum sentence date of July 14, 2011. (*Id.*).

---

[2] The Habeas Corpus Petition was signed by Petitioner on October 21, 2011. (Doc. 1). Thus, under the prison mailbox rule, we construe Petitioner's instant Habeas Petition as being filed on October 21, 2011. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

## III. Discussion.

As a preliminary matter, we find that this Court has jurisdiction over Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2254 in which he claims that his continued detention by the Respondent PBPP in SCI-Retreat is illegal and, that his rights to the RRRI program were violated by the PA Board. (Doc. 1). As relief, Petitioner seeks to be immediately released from confinement and to be given credit for all time spent incarcerated unlawfully, *i.e.* all the time after July 14, 2011. (Doc. 1).

As such, Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states the following, in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
> > (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
> > > (A) the applicant has exhausted the remedies available [to the petitioner];
> > >
> > > (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

*1. Exhaustion*

Respondent PBPP initially argues that Petitioner's habeas petition should be dismissed since he failed to exhaust his state court remedies and because he is not in custody in violation of any federal law. (Doc. 16, p. 4). Respondent contends that since Petitioner does not plead that he appealed the RRRI parole denial of September 1, 2011 to any Pennsylvania Court and he only asserts that he sent in numerous request slips to his parole agent requesting that he be released on his RRRI minimum date, petitioner has denied Pennsylvania Courts the opportunity to address the issue. (*Id.*). Respondent further argues that although exhaustion is not always required under *Defoy v. McCullough*[3], 393 F.3d 439 (3d Cir. 2005), the *Defoy* case was decided in 2005 and the RRRI sentencing date was not created until 2009[4], therefore, it is a case of first impression addressing the issue. Respondent states that since there is no prior case law on the issue, it cannot be said that petitioner does not have a viable means of challenging the issue at the state level. (Doc. 17, p. 5). Thus, Respondent argues that the petition for writ of habeas corpus should be dismissed for failure to exhaust state remedies.

---

[3]A Pennsylvania state prisoner challenging the denial of parole on constitutional grounds other than the Ex Post Facto Clause need not file a state petition for writ of mandamus in order to satisfy the dictates of exhaustion before seeking federal habeas relief. *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005).

[4]Pennsylvania Statute, 61 Pa. C.S.A. § 4504 et seq., created the RRRI minimum date which became effective on October 13, 2009.

Turning first to the RRRI program, the PA Superior Court in *Com. v. Pardo*, 35 A.3d 1222, 1224, n. 3 (Pa. Super. 2011), stated:

> Pursuant to 61 Pa.C.S. §4505(c), offenders eligible for the RRRI program are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less, or five-sixths of a minimum sentence of more than three years. *See* 61 Pa.C.S. §4505(c). After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. 61 Pa.C.S. § 4506. A trial court is required, by statute, to determine if a defendant is eligible for an RRRI minimum sentence. *See* 42 Pa.C.S. § 9756(b.1).

Thus, the RRRI statute is a "treatment program" intended to prevent recidivism and "[t]he RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence." *Com. v. Robinson,* 7 A.3d 868, 872 (Pa. Super.2010). The RRRI statute "does not increase any rights due [the Defendant] not does it impose any legal burden or additional punishment." *Id*. at 873.

We agree with Respondent PBPP that the exhaustion issue in this case is a case of first impression and we could not find any cases on point as to whether Petitioner Orr had to exhaust state court remedies with respect to the decision of PA Parole Board denying him parole based on his RRRI minimum sentence date before he filed his §2254 habeas petition. We did find cases in which the Defendant appealed to the PA Superior Court the failure of the trial court to impose an RRRI

minimum sentence and cases in which the prosecution appealed to the PA Superior Court a sentence in which the trial court incorrectly imposed an RRRI minimum sentence. *See Com. v. Robinson, supra; Com. v. Hansley*, 994 A. 2d 1150 (Pa. Super. 2010). Thus, the Defendant's eligibility for the RRRI program at sentencing can be appealed to the state courts and there are state court remedies available to resolve these issues. The issue in our case is whether Petitioner Orr was required to pursue state court remedies with respect to his habeas claim that the PBPP improperly denied him parole on his RRRI minimum date simply because the trial court found he was eligible for the RRRI program.

We disagree with Respondent PBPP that Petitioner Orr's habeas petition should be dismissed due to his failure to exhaust state court remedies. There is no question that a state prisoner must exhaust his state court remedies prior to obtaining relief in federal court through a §2254 habeas petition. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Also, Petitioner has the burden of proving that he exhausted his state court remedies. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). As Respondent PBPP points out (Doc. 16, p. 5), the instant case is a case of first impression and thus, case law does not exist regarding Petitioner Orr's available state court remedies with respect to his claim. We find that the failure of the PBPP to parole Petitioner Orr based on his RRRI minimum date is akin to a denial of parole. The language of the RRRI Act appears to vest primary authority for execution of the recidivism reduction incentive in the Department of Corrections (DOC) and the

PBPP.  *See* 18 Pa.C.S. §§ 4504 (RRRI programs); 4506 (Recidivism risk reduction minimum); 4507 (Authority of the board); 4508 (Written guidelines and regulations); 4509 (Evaluation); and  4510 (Reports).  Particularly in Sections 4504 and 4506, the RRRI invests DOC and the PBPP with the mandate to create a comprehensive system with incentives for rehabilitation and reintegration for defined classes of offenders, and the discretion to determine an offender's eligibility for parole notwithstanding the court's imposition of a mandatory minimum sentence.  As with any prisoner requesting parole based on serving his/her minimum sentence, the RRRI minimum imposed by the trial court serves only as a demarcation in time after which the offender may, at the discretion of the PBPP, be released on parole.  *See* 61 Pa.C.S. §§ 4506(a), (d); 4511.  Should the offender fail to complete his DOC program or the PBPP finds his progress in rehabilitation insufficient to merit parole, *see* 61 Pa.C.S. § 4506(a), (d), the offender will remain incarcerated for the mandatory minimum sentence originally imposed by the court.  In this manner, limitations on the sentencing discretion of the trial court remain intact, *see* 18 Pa.C.S. §§ 6317(a), (c); 7508(a), (c), while the DOC and the PBPP fulfill the legislative mandate of the RRRI Act.

Without unnecessary elaboration, we decline to recommend that Petitioner Orr's habeas petition be dismissed on exhaustion grounds. As stated, state prisoners must exhaust every opportunity for state review of their claims before filing a petition for writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also*

*Wicker v. PA Bd. Of Probation*, 2010 WL 1253498 (M.D. Pa. 2010). A prisoner has not exhausted every opportunity for state review "if he has the right under the law of the State to raise, by any available procedure, the question presented."*Id*. § 2254(c). Aside from a challenge to a parole decision premised upon the Ex Post Facto Clause, Pennsylvania courts have not recognized writ of mandamus or direct appeal as possible avenues of relief for constitutional claims concerning parole denials. *See DeFoy v. McCullough,* 393 F.3d 439, 445 (3d Cir.2005). As discussed below, we do not find that Petitioner Orr's habeas petition raises an *ex post facto* claim.

The Third Circuit addressed the issue in *Coady v. Vaughn,* 251 F.3d 480 (3d Cir. 2001), which is entirely consistent with the Pennsylvania Courts in that habeas claims challenging denial of parole need not be presented to the state courts, except where a prisoner is asserting an *ex post facto* claim. *Id*. Indeed, *Coady* expressly informed the Third Circuit's decision in *DeFoy*. *Id*. at 444. We recognize that Respondent was endeavoring to interpret the nature of petitioner's claims in this case, but we find it to be reasonably clear that petitioner's challenge is not predicated upon an allegation that the PBPP applied a change in Pennsylvania statutory law in a manner that increased his penalty in violation of the *ex post facto* clause. *Coady,* 251 F.3d at 489.

Accordingly, we find that there were no potential state court remedies that Petitioner Orr could have exhausted prior to filing his federal habeas petition. Moreover, "federal courts may entertain the merits of a petition for habeas corpus

11

where state remedies have not been exhausted 'when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy.'" *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995)(quoting *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994)).   Therefore, we will address the merits of petitioner's petition.

　　*2. Merits of Habeas Petition*

　　In Petitioner Orr's case, on July 27, 2011, he was interviewed by a member of the Respondent PBPP and Respondent PBPP issued a decision on September 1, 2011, denying him release on his RRRI minimum date of July 14, 2011. (Doc. 16, p. 2).  The PBPP's September 1, 2011 decision (Doc. 16, Ex. 2) clearly informed petitioner of the reasons for the denial of his release on the RRRI minimum date, namely: (1) petitioner's need to participate in and complete additional institutional programs; (2) petitioner's failure to demonstrate motivation for success; (3) petitioner's minimization/denial of the nature and circumstances of the offense(s) committed; and (4) petitioner's lack of remorse for the offense(s) committed.  (*Id.*).  The authority to grant parole under Pennsylvania law is vested solely in the PBPP. See 61 Pa. Con. Stat. § 331.17 (repealed 2009, Aug. 11, P.L. 147, No. 33, § 7.  *See now,* 61 Pa. Con. Stat. § 6132.).  As such, the Board is required to consider the nature and character of the offense(s) committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and each

warden or superintendent who has had control over the applicant. *See* 61 Pa. Con. Stat.. § 331.19 (repealed 2009, Aug. 11, P.L. 147, No. 33, § 7. *See now* 61 Pa. Con. Stat.. § 6135.).

The Fourteenth Amendment to the United States Constitution states, in pertinent part, that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. With respect to the due process rights afforded to prisoners within state custody, "[i]t is well-settled that 'there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.' " *Anderson v. Pa. Bd. of Probation and Parole,* Civ. A. No. 05-163, 2006 U.S. Dist. LEXIS 27595, 2006 WL 1149233, at *1 (M.D.Pa. Apr. 26, 2006) (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). Furthermore, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. *See Burkett v. Love,* 89 F.3d 135, 139 (3d Cir.1996); *Logan v. Grace,* Civ. A. No. 06-743, 2007 U.S. Dist. LEXIS 25111, 2007 WL 1074198, at *4 (M.D.Pa. Apr. 4, 2007); *see also Rogers v. Pa. Bd. of Probation and Parole,* 555 Pa. 285, 724 A.2d 319, 323 (Pa.1999) (parole is not a constitutionally protected liberty interest under Pennsylvania law). However, notwithstanding that there is no constitutional right to parole, the Third Circuit has held that: "[E]ven if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the

due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980).

Accordingly, even in a state like Pennsylvania that vests discretion in the state's parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." *Id*. But this check on the discretion of a parole board is necessarily quite limited, and relief to a petitioning inmate is limited to a showing that an inmate's substantive due process has been violated, such as where an applicant can demonstrate that "parole was arbitrarily denied based on some impermissible reason such as 'race, religion, or political beliefs,' or that the parole board made its determination based on frivolous criteria with no rational relationship to the purpose of parole." *Anderson,* 2006 U.S. Dist. LEXIS 27595, 2006 WL 1149233, at *2 (citing *Block,* 631 F.2d at 236); *see also Hargrove v. Pa. Bd. of Probation and Parole,* Civ. A. No. 99-1910, 1999 U.S. Dist. LEXIS 15766, 1999 WL 817722, at *7 (citing *Burkett v. Love,* 89 F.3d 135, 140 (3d Cir. 1980)).

The granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally protected liberty interest that is inherent to the Due Process Clause. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Thorpe v. Grillo,* 80 F. App'x. 215, 219 (3d Cir.2003). Likewise, Pennsylvania state law does not create a liberty interest for state inmates to be released prior to the expiration of a valid sentence. *Burkett v. Love,* 89 F.3d 135, 139

(3d Cir.1996) (parole is not a constitutionally protected liberty interest under Pennsylvania law); *Rogers v. Pa. Bd. of Probation and Parole,* 555 Pa. 285, 292, 724 A.2d 319, 323 (Pa.1999) ("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence."); *see also Weaver v. Pa. Bd. of Probation and Parole,* 688 A.2d 766, 770 (Pa.Commw.1997) (under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired.). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Since the right to parole is not a protected liberty interest under state or federal law, petitioner cannot establish a procedural due process violation.

Thus, although the PBPP is not permitted to base its parole decision upon impermissible criteria or abdicate its discretion entirely, the Board otherwise remains "the sole determiner as to whether an inmate is rehabilitated and able to serve the remainder of the sentence on parole." *Anderson,* 2006 U.S. Dist. LEXIS 27595, 2006 WL 1149233, at *2; *see also Myers v. Ridge*, 712 A.2d 791, 793 (Pa.1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of the prison."). In recognition of the Board's authority in this area, "federal courts, on habeas review,

are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some [proper] basis for the challenged decision." *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir.2002) (quoting *Coady,* 251 F.3d at 487)). "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion." *Block v. Porter,* 631 F.2d 233, 237 (3d Cir.1980). The Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." *Hunterson v. DiSabato,* 308 F.3d 236, 246-47 (3d Cir.2002).

We agree with Respondent's argument that the statute read in its entirety actually establishes that an offender in the RRRI program will only be paroled on the RRRI minimum date if the DOC finds the offender complied with the requirements and the PBPP finds that the offender should be paroled. Therefore, parole to the RRRI minimum date is not an automatic right of an offender sentenced to an RRRI minimum date. Petitioner's argument is limited to the fact that he believes he should be automatically paroled to his RRRI minimum date. Petitioner does not allege that the PBPP denied him parole to his RRRI minimum date for any impermissible criteria. Further, the record in this case demonstrates that the PBPP denied Petitioner Orr parole on September 1, 2011, based on four permissible reasons, including his need

to complete additional prison programs. (Doc. 16-2). On September 22, 2011, the PBPP advised Petitioner that it recommended he complete the Violence Prevention Moderate Intensity Program. (Doc. 12, Ex. D).

As with any prisoner requesting parole based on serving his/her minimum sentence, the RRRI sentence minimum imposed by the trial court serves only as a time after which the offender *may, at the discretion of the PBPP*, be released on parole. *See* 61 Pa.C.S. §§ 4506(a), (d)(emphasis added). Pennsylvania law gives the PBPP unfettered discretion to grant or deny parole and the addition of the RRRI program did not eliminate the PBPP's discretion to grant or deny parole. Therefore, we find that Petitioner Orr's claim lacks merit and we shall recommend that the his petition for writ of habeas corpus be denied.

**IV. Recommendation**.

Based on the foregoing, we respectfully recommend that Petitioner Orr's Habeas Petition (**Doc. 1**) be denied on its merits.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: May 8, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR ORR, | : | CIVIL ACTION NO. **1:CV-11-1981** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 8, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                  **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: May 8, 2012**